UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EMMANUEL KINCAID, #282790,

        Petitioner,

                              Case Number 1:13-CV-12278
v.                             Honorable Thomas L. Ludington

PAUL KLEE,

        Respondent.
_____/

OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Emmanuel Kincaid pleaded guilty to failing to register as sex offender in state court. He was sentenced as a fourth habitual offender to 2–15 years imprisonment. Petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner asserts that: (1) the trial court erred in denying his motion to withdraw his plea, and (2) the state lacked subject matter jurisdiction over his case. For the following reasons, the petition will be denied.

I

A

Petitioner first asserts that he is entitled to habeas relief because the trial court erred in denying his motion to withdraw his plea because he is innocent. Petitioner acknowledges that he left his home and did not register a new address with the authorities. But, he asserts, he had to leave the home because he thought that the police suspected that he was involved in a recent shooting. As a result, he "found himself without an address."

1

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which governs this case, permits a federal court to issue the writ only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *see Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

A criminal defendant has no federal right to withdraw a knowing, intelligent, and voluntary plea. *Chene v. Abramajtys*, 76 F.3d 378 (6th Cir. 1996) (unpublished table decision). Petitioner's claim that the trial court erred in denying his withdrawal motion, a state law claim, is not cognizable on habeas review.

2

Petitioner's assertion that his guilty plea must be set aside because he is innocent likewise does not state a claim for habeas relief.

Claims of actual innocence have "never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007).

Indeed, the United States Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). "Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, *a fortiori* a court is not required to permit withdrawal of that plea merely because a defendant belatedly

asserts his innocence." *Gunn v. Kuhlman*, 479 F. Supp. 338, 344 (S.D.N.Y. 1979) (footnotes omitted).

The only constitutional requirement is that a plea be knowing, intelligent, and voluntary. *Brady v. United States*, 397 U.S. 742, 747 (1970). Petitioner has not alleged facts — much less demonstrated — that his plea does not meet this requirement.

Additionally, to the extent that Petitioner asserts that the police or prosecution lacked sufficient evidence to charge, prosecute, or convict him, he fails to state a claim for habeas relief. Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea. *United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Petitioner is not entitled to habeas relief on this claim.

B

Petitioner next asserts that he is entitled to habeas relief because the State lacked subject matter jurisdiction over his case. This claim is also not cognizable upon federal habeas review. The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Hamby-Bey v. Bergh*, No. 08-CV-13284, 2008 WL 3286227, *2 (E.D. Mich. Aug. 7, 2008) (Battani, J.); *Chandler v. Curtis*, No. 05-CV-72608-DT, 2005 WL 1640083, *2 (E.D. Mich. July 13, 2005) (Cohn, J.); *Groke v. Trombley*, No. 01-CV-10045-BC, 2003 WL 1798109, *5 (E.D. Mich. April 1, 2003) (Lawson, J.); *accord Write v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996).

A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *Strunk v. Martin*, 27 F. App'x 473, 475, 2001 WL 1450740, *2 (6th Cir. 2001).

Petitioner is not entitled to habeas relief on this claim.

III

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his claims.

Likewise, the Court concludes that Petitioner should not be granted leave to proceed in forma pauperis on appeal as any appeal cannot be taken in good faith. Fed. R. App. P. 24(a).

IV

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** leave to proceed in forma pauperis on appeal is **DENIED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: July 23, 2013

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 23, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS

---